[Docket No. 12]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

K.S.,[1]

      Plaintiff,

   v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

Case No. 1:21-cv-5617 (RMB)

**MEMORANDUM OPINION
AND ORDER**

**RENÉE MARIE BUMB, Chief United States District Judge**

Counsel Jennifer L. Stonage represented K.S. in a Social Security benefits appeal. K.S.'s appeal was ultimately successful, and the Commissioner of the Social Security Administration (the "Commissioner") withheld twenty-five percent ($28,078.25) of K.S.'s past due disability benefits ($112,313.00) as Stonage's legal fee. Stonage now moves for those fees under Section 406(b) of the Social Security Act. 42 U.S.C. § 406(b). For the reasons set forth below, Stonage's motion for fees is **DENIED** without prejudice. Within the next thirty (30) days, counsel may renew her request with the documentation requested herein.

---

[1] Due to the significant privacy concerns in Social Security cases, any non-governmental party is identified and referenced solely by initials in Social Security case opinions. *See* D.N.J. Standing Order 2021-10.

## I.    BACKGROUND

Stonage works for the law firm Bross & Frankel P.A.  Her partner, Richard Frankel, filed K.S.'s appeal in this Court seeking to overturn the Commissioner's denial of disability benefits. [Docket No. 1.]  The Commissioner consented to remand K.S.'s appeal for reconsideration. [Docket No. 9.]  On remand, an administrative law judge ("ALJ") found Plaintiff disabled since September 23, 2016, awarding him $112,313.00 in past due disability benefits. [Docket No. 12-4 at 10–11.]  The agency withheld $28,078.25 from K.S.'s award, which represents a twenty-five percent contingency fee for Bross & Frankel. [Docket No. 12-5]  Stonage now seeks an award of those fees. [Docket No. 12-1 at 1.]

Bross & Frankel spent 12.1 hours on K.S.'s Social Security appeal. [Docket No. 12-6.]  Stonage's typical hourly rate is never disclosed, but she contends $28,078.25 is reasonable given the time Bross & Frankel spent on K.S.'s appeal, the risk of non-recovery, and the favorable result obtained for Plaintiff before this Court and on remand. [Docket No. 12-1 at 2–3.]  The Commissioner neither supports nor opposes Stonage's Motion for Attorney's Fees. [Docket No. 13 at 2.]

## II.    STANDARD OF REVIEW

The Social Security Act allows contingency fee agreements between a Social Security claimant and their attorney. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (explaining the Act "does not displace contingent-fee agreements").  Section 406(b) of the Act provides:

2

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b). "Contingent fee arrangements are 'the primary means by which fees are set for successfully representing Social Security benefits claimants in court.'" *Laurice A.H. v. Kijakazi*, 2023 WL 8237336, at *2 (D.N.J. Nov. 28, 2023) (quoting *Gisbrecht*, 535 U.S. at 807). Fees beyond twenty-five percent of past due benefits are "unenforceable" by Section 406(b)'s plain terms. *Gisbrecht*, 535 U.S. at 807.

Although Congress permits contingency fee arrangements in Social Security appeals, courts must police those agreements to ensure they are reasonable. *Id.* ("[Section] 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). In so doing, courts look to "the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding." *Leak v. Comm'r of Soc. Sec.*, 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017). "Courts should [also] consider the nature and length of the professional relationship with the claimant—including any representation at the agency level[.]" *Fields v. Kijakazi*, 24 F.4th 845, 855 (2d Cir. 2022). "While § 406(b) fees compensate counsel for court-related work, consideration of 'the time spent and work performed by counsel on the case when it was pending at the agency level' can inform a district court's understanding of 'the overall complexity of the case, the lawyering skills necessary to

3

handle it effectively, the risks involved, and the significance of the result achieved in district court.'" *Id.* (quoting *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)).

## III.    DISCUSSION

The Court cannot conclude whether Stonage's fee is reasonable on the current record.  Take the first factor the Court typically weighs:  relevant legal experience. *See Leak*, 2017 WL 5513191, at *1.  Stonage does not provide *any* description of her experience or education in her briefing.  Instead, a footnote describes her partner Richard Frankel's educational background at Temple and his record representing Social Security appellants.  Stonage's profile on Bross & Frankel's website lists she graduated from law school in 2010 and has been working in the public benefits space since then.[2]  That experience—while relevant to the Court's analysis—is not properly before it.  Neither the footnote describing Frankel's experience nor the statements on Bross & Frankel's website were made *under oath*.  Counsel shall include—in both this filing and subsequent requests for fees under § 406(b)—*affidavits* swearing and attesting to the relevant experience *of the attorney who actually performed the relevant legal work*.

Next, the Court would consider Stonage's hourly rate and the nature of the contingent fees sought, but again the Court finds itself without sufficient information.  Stonage *never* discloses her customary hourly rate.  Frankel's is listed at $625.00 in Footnote 3, but Stonage's is never referenced as being the same as Frankel's.  This

---

[2] Jennifer Stonage, BROSS & FRANKEL, https://brossfrankel.com/attorney-profiles/jennifer-stonage/ (last visited July 21, 2026).

information, again, is the type the Court expects to receive in an affidavit, the truth of which is *sworn to* by the attorney requesting compensation.

And although Stonage included a chart of the hours expended on this project, it too is inadequate.  The chart included at Docket No. 12-6 provides no indication of who performed what work, *e.g.*, whether the work was completed by an attorney or paralegal, or if the work was completed by an attorney, which attorney completed it. Based on this chart alone, paralegals could hypothetically have undertaken most of the work described, and a reasonable paralegal rate is *substantially less* than $625.00 hour. In their next submission, Counsel shall include in this chart *who performed what tasks* and what *that person's* customary hourly rate is—including support staff.

But most concerning to the Court is *the absence of an engagement letter* or fee agreement on the docket.  Contingency fee arraignments are, of course, the most prevalent means of compensating an attorney in Social Security appeals.  *Laurice A.H.*, 2023 WL 8237336 at *2.  However, that does not mean the Court may simply infer that agreement exists.  Here, Stonage *affirmatively represents* that K.S. agreed to a contingency fee relationship.  [Docket No. 12-1 at 2. (". . . warrants approval of the contingency fee to which [K.S.] agreed in the contract entered at the outset of this case.").]  In addition to that agreement's omission on the docket, the agency record reveals a purported fee agreement presented to the ALJ lacked a necessary signature. [Docket No. 12-4 at 12.]  Counsel is directed to file a copy of the parties' engagement

5

letter under seal as a separate exhibit on the docket to confirm their client's awareness of the contingency fee representation.

None of the foregoing should be read to cast doubt on the efficacy of Bross & Frankel's representation.  Indeed, the record indicates K.S. received a favorable result upon remand to the agency.  Today's order instead requests counsel extend the same attention to detail paid to the merits of their cases to their petitions for fees.

## IV.  CONCLUSION

For the reasons above, and for good cause shown,

**IT IS**, on this **22nd** day of **July 2026**, hereby:

1.   **ORDERED** that Counsel Jennifer L. Stonage's Motion for Attorney's Fees under Section 406(b) of the Social Security Act, [Docket No. 12], is **DENIED without prejudice**; and it is further

2.   **ORDERED** that counsel shall have thirty (30) days leave to file a renewed application with the appropriate supporting documentation.

> **/s/ Renée Marie Bumb**
> RENÉE MARIE BUMB
> Chief United States District Judge

6